IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAY W. ISBELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 2:94-cv-2448-CLS-TMP |
| | ) |
| JOHN E. NAGLE, and the | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

On February 11, 2016, the petitioner, Jay W. Isbell, filed his motion (Doc. 25) pursuant to Rule 60(b)(6), Fed. R. Civ. P., to set aside this court's Order dated May 5, 1995, denying and dismissing with prejudice his petition for writ of *habeas corpus* challenging his conviction and sentence of life in prison without parole for capital murder during a robbery.  Based on the Supreme Court's decisions in Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and Trevino v. Thaler, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), he contends that he is entitled to have the dismissal of his 1994 *habeas* case vacated to obtain a first review of his claim of ineffective assistance of trial counsel.  For the reasons explained below, the magistrate judge recommends the motion be denied.

## I.   Factual and Procedural Background

Petitioner filed his original *habeas corpus* petition under 28 U.S.C. § 2254 in this court on or about October 6, 1994.   In it, he alleged that his 1991 conviction in the Circuit Court of Shelby County, Alabama, for capital murder during a robbery was unconstitutionally defective because (1) although he was only an aider and abettor of a robbery/murder, his co-defendant (the actual killer) was convicted only of felony murder and sentenced to life with the possibility of parole; (2) the trial court failed to instruct the jury correctly on the use of accomplice testimony; (3) he was prevented from testifying at trial by his own attorney, amounting to ineffective assistance by counsel; and (4) the trial court failed to conduct an evidentiary hearing on petitioner's allegation that he was deprived of the opportunity to testify by his counsel. In a Report and Recommendation dated April 11, 1995, the undersigned magistrate judge recommended the denial of the *habeas* petition, finding that Claims (1), (2), and (3) were procedurally defaulted because petitioner failed to properly and timely appeal the denial of his Rule 32 petition in which these claims were presented for the first time.   It was recommended also that Claim (4) be denied because it alleged only a procedural defect in the post-conviction Rule 32 proceedings, which by its nature did not undermine the validity of the conviction or sentence.   See Spradley v. Dugger, 825 F.2d 1566 (11th Cir. 1987).   After

petitioner filed objections to the Report and Recommendation, the objections were overruled and the Report and Recommendation was adopted and accepted by the district judge on May 5, 1995, resulting in the dismissal of the *habeas* petition. (Doc. 10).   The United States Court of Appeals for the Eleventh Circuit denied the petitioner's application for a certificate of probable cause[1] on September 6, 1995. (Doc. 16).

## II.   The Instant Rule 60(b)(6) Motion

Relying on Martinez v. Ryan and Trevino v. Thaler, petitioner contends that the 1995 dismissal of his original *habeas* petition must be vacated because he has never obtained a merits review of his claim that trial counsel prevented him from testifying at trial, violating his Sixth and Fourteenth Amendment rights to the effective assistance of counsel and to testify in his own behalf.   He expressly grounds the motion on Rule 60(b)(6), but asserts that the holdings in Martinez and Trevino apply retroactively to him and require that he be given a merits review of his claim of ineffective assistance.   In particular, he alleges that he was represented by the same counsel on direct appeal and not assisted by any counsel during his Rule 32 proceedings.   Citing the holding in Martinez, later expanded in Trevino, he quotes,

---

[1]   These proceedings predated the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, when the certificate of probable cause was replace by the certificate of appealability.

3

"[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Trevino v. Thaler, ___ U.S. ___, ___, 133 S. Ct. 1911, 1914, 185 L. Ed. 2d 1044 (2013), quoting Martinez v. Ryan, 566 U.S. 1, ___, 132 S. Ct. 1309, 1320, 182 L.Ed.2d 272 (2012).   He then asserts that because it is clear that the court's earlier denial of *habeas* relief, at least with respect to the ineffective-assistance claim, was grounded on a procedural default, Martinez and Trevino mandate that the court set aside that denial of relief and afford him a first review of the merits of his ineffective-assistance claim.

### A.   *Martinez* and *Trevino* Not Applicable

Petitioner's understanding of the applicability of Martinez and Trevino to his case is flawed.   First, these cases established only a narrow equitable rule, not a rule of constitutional law that can support a free-standing claim for *habeas* relief.   As the Eleventh Circuit explained:

> In *Martinez*, the Supreme Court announced a narrow, equitable, and non-constitutional exception to *Coleman*'s holding (that ineffective assistance of collateral counsel cannot serve as cause to excuse a procedural default) in the limited circumstances where (1) a state requires a prisoner to raise ineffective-trial-counsel claims at an initial-review collateral proceeding; (2) the prisoner failed properly to raise ineffective-trial-counsel claims in his state initial-review

4

collateral proceeding; (3) the prisoner did not have collateral counsel or his counsel was ineffective; and (4) failing to excuse the prisoner's procedural default would cause the prisoner to lose a "substantial" ineffective-trial-counsel claim. *See Arthur*, 739 F.3d at 629 (citing *Martinez*, 132 S. Ct. at 1318). In such a case, the Supreme Court explained that there may be "cause" to excuse the procedural default of the ineffective-trial-counsel claim. *Martinez*, 132 S. Ct. at 1319. Subsequently, the U.S. Supreme Court extended *Martinez*'s rule to cases where state law technically permits ineffective-trial-counsel claims on direct appeal but state procedures make it "virtually impossible" to actually raise ineffective-trial-counsel claims on direct appeal. *See Trevino*, 133 S. Ct. at 1915, 1918–21.

Importantly, the *Martinez* rule is expressly limited to attorney errors in initial-review collateral proceedings: "[T]he holding in [*Martinez*] does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320 ("The rule of *Coleman* governs in all but the limited circumstances recognized here."); *see also Trevino*, 133 S. Ct. at 1921 (applying *Martinez* 's "narrow exception" to *Coleman* 's general rule); *Arthur*, 739 F.3d at 630.

Lambrix v. Secretary, Florida Dep't of Corrections, 756 F.3d 1246, 1260 (11th Cir.), cert. denied sub nom. Lambrix v. Crews, ___ U.S. ___, 135 S. Ct. 64, 190 L. Ed. 2d 61 (2014), and cert. denied sub nom. Lambrix v. Jones, ___ U.S. ___, 135 S. Ct. 1894, 191 L. Ed. 2d 767 (2015) (italics supplied for emphasis; internal footnotes omitted). Made clear in this passage is that the equitable rule announced in Martinez is exceedingly narrow, applying only to the initial review in state court. More to the point, the Supreme Court itself, in Martinez, made plain that the narrow

rule did *not* apply to "appeals from initial-review collateral proceedings." Martinez, 132 S. Ct. at 1320.

In the instant matter, petitioner alleges that he was not represented by counsel, but was *pro se*, when he filed his post-conviction Rule 32 petition raising the ineffective-assistance claim for the first time.[2]   Nevertheless, by his own admission, the procedural default that precluded this court from reviewing the claim in the *habeas* petition was his failure to timely appeal the denial of the Rule 32 petition.   It was not the lack of counsel in the filing, framing, or presentation of the Rule 32 petition that created the bar, but the lack of counsel in *perfecting the appeal* from the denial of the collateral petition.   Petitioner himself described the procedural default, saying, "When Petitioner received the denial for reconsideration and filed a notice of appeal to the Alabama Court of Criminal Appeals, the appeal was dismissed as untimely filed."   (See Rule 60(b)(6) Motion, Doc. 25, p. 2).   Unfortunately for petitioner, this is one of the very instances the Supreme Court identified as *not* being subject to the equitable rule in Martinez.   See Martinez, 132 S. Ct. at 1320 (the rule does not apply to "appeals from initial-review collateral proceedings.").   Thus, it would be futile for the court to set aside the 1995 dismissal of the original *habeas* petition because the same procedural default that precluded consideration of the

---

[2]   Neither the Alabama courts nor this court questioned petitioner's failure to raise the claim on direct appeal, as at that time, he was still represented by the very counsel he claims was ineffective.

merits then, still applies and is unchanged by <u>Martinez</u> and <u>Trevino</u>.   Petitioner's
lack of counsel to help appeal the denial of Rule 32 relief does not mandate a change
in the outcome of the analysis in light of the very narrow field of operation available
for <u>Martinez</u>.

> B.   <u>*Martinez*</u> *is not an "Extraordinary Circumstance"*
> *Required by Rule 60(b)(6).*

Furthermore, it is clear that the decisional change in the law made by
<u>Martinez</u> cannot be an "extraordinary circumstance" necessary to invoke
Rule 60(b)(6).   "[W]e hold that the change in the decisional law affected by the
*Martinez* rule is not an 'extraordinary circumstance' sufficient to invoke Rule
60(b)(6)."   <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir.), cert. denied, ___
U.S. ___, 135 S. Ct. 106, 190 L. Ed. 2d 41 (2014), citing <u>Gonzalez v. Crosby</u>, 545
U.S. 524, 535, 125 S. Ct. 2641, 2649, 162 L. Ed. 2d 480 (2005).   Eleventh Circuit
precedent already has rejected the argument that the holding in <u>Martinez</u> qualifies
for invoking relief under Rule 60(b)(6), and this alone warrants denying relief on
the motion.

> C.   *The Invocation of <u>Martinez</u> is Untimely under Rule 60(c)*

In addition, even if <u>Martinez</u> *did* apply to excuse the procedural default of an
untimely appeal from the denial of Rule 32 relief, the filing of the Rule 60(b)(6)
motion is untimely.   Both the Supreme Court and the Eleventh Circuit have been

clear that <u>Martinez</u> did not create a rule of constitutional law, but only a narrow rule of equity that can be used to address questions of procedural default. "*Martinez* did not… create a freestanding claim for challenging a conviction or sentence based on the alleged ineffective assistance of state post-conviction counsel." <u>Lambrix</u>, *supra*, at 1262.   Rule 60(c) requires that all Rule 60(b) motions be filed within a "reasonable time," not exceeding one year for Rule 60(b)(1), (2), and (3) motions.   There appears to be no fixed "reasonable time" for motions under Rule 60(b)(6).   Nevertheless, even if a Rule 60(b)(6) motion invoking <u>Martinez</u> is not subject to a fixed one-year limitation for examining petitioner's ineffective-assistance claim, more than one year as elapsed since the case was announced.   <u>Martinez</u> was announced in March 2012, yet petitioner did not file the instant Rule 60(b)(6) motion until February 2016, almost four years after <u>Martinez</u> became law.   Such a delay in invoking <u>Martinez</u> is unreasonable under Rule 60(c).

## III.   Recommendation

Based on the foregoing considerations, the magistrate judge RECOMMENDS that the instant Rule 60(b)(6) motion to set aside the 1995 denial and dismissal of the petition for writ of *habeas corpus* be DENIED.

## NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint which the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will made a de novo determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The parties may not appeal the magistrate judge's report and recommendation

directly to the United States Court of Appeals for the Eleventh Circuit.   A party may only appeal from a final judgment entered by a district judge.

DATED this 4th day of April, 2016.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE